UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GARY GILLARD,

                Plaintiff,

  -against-                                            9:12-CV-0083 (LEK/CFH)

MICHAEL ROVELLI; *et al.*,

                Defendants.

## **DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on July 18, 2013, by the Honorable Christian F. Hummel, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3 of the Northern District of New York. Dkt. No. 84 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including Defendants' and *Pro se* Plaintiff Gary Gillard's Objections. Dkt. Nos. 85 ("Defendants' Objections"); 86 ("Plaintiff's Objections"). For the following reasons, the Court approves and adopts the Report-Recommendation in its entirety and grants in part Defendants' Motion to dismiss. Dkt. No. 41 ("Motion").

**II.    BACKGROUND**

    **A.  Factual Background**

The Court presumes the parties' familiarity with the facts underlying this case. For a complete statement of the facts, reference is made to the Report-Recommendation.

    **B.  Procedural History**

On January 18, 2012, Plaintiff commenced this action, seeking relief under 42 U.S.C.

§ 1983. Dkt. No. 1 ("Complaint"). Plaintiff alleges that Defendants, fourteen current and retired employees of the New York State Department of Correctional and Community Supervision ("DOCCS") and one inmate, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. See generally id.

On October 17, 2012, all Defendants except Defendant Jose Nunez filed the Motion seeking: (1) dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2) a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). Mot. Plaintiff then filed a Response opposing the Motion. Dkt. No. 50 ("Response").

Judge Hummel recommends that Defendants' Motion be granted as to Plaintiff's: (1) § 1983 claims against all individual Defendants in their official capacities; and (2) conspiracy claims against all Defendants. See Report-Rec. However, Judge Hummel recommends that the Motion be denied as to the Fourteenth Amendment procedural due process claims. Id. Judge Hummel also recommends that Plaintiff's First Amendment claims based on access to courts and interference with mail be dismissed without prejudice. Id. Finally, Judge Hummel recommends that Defendants' request for a protective order staying discovery be granted. Id.

### III. LEGAL STANDARDS

**A. Review of a Magistrate Judge's Report-Recommendation**

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters,

167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

**B. Motion to Dismiss**

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged

3

misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678-79. Additionally, when a party seeks judgment against a *pro se* litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). "[A] pro se litigant's submissions must be construed liberally, and . . . such submissions must be read to raise the strongest arguments that they suggest." Id.

## IV. DISCUSSION

### A. The Report-Recommendation

In the Report-Recommendation, Judge Hummel refused to dismiss Plaintiff's Fourteenth Amendment due process claim, in which Plaintiff argues that Defendants deprived him of a hearing regarding his 90-day keeplock confinement. See Report-Rec. at 19. Judge Hummel found that there were questions of fact as to whether Plaintiff's confinement was an atypical and significant hardship in relation to the ordinary incidents of prison life, such that a liberty interest protected by the Due Process Clause of the Fourteenth Amendment was implicated. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Report-Rec. at 18-19. The Report-Recommendation acknowledged that: (1) the length of Plaintiff's confinement failed to amount to even the "intermediate duration'" for which

4

the Second Circuit has determined that "'a detailed record of the conditions of confinement relative to ordinary prison conditions is required[]'" to establish a liberty interest; and (2) the Complaint did not contain any such record or "any allegations to indicate that [Plaintiff's] confinement was atypical or significant in relation to the ordinary prison life." Report-Rec. at 18-19 (citing Palmer v. Richards, 364 F.3d 60, 64-65 (2d. Cir. 2004)). However, the Report-Recommendation noted that dismissal of due process claims unsupported by a factual record is generally proper only where the period of time spent in solitary confinement is less than thirty days and there is no indication the prisoner endured unusual Special Housing Unit ("SHU") conditions. See Palmer, 364 F.3d at 64-65. Because Plaintiff is a *pro se* litigant whose submissions must be construed liberally, and because Plaintiff's keeplock confinement exceeded the thirty-day period set forth in Palmer, Judge Hummel denied Defendants' Motion with respect to Plaintiff's Fourteenth Amendment procedural due process claims. Id. at 19.

### B. Objections

In their Objections, Defendants argue that Judge Hummel erred in finding that Palmer's thirty-day rule is controlling in the present case. Objs. at 3-4. They base this contention solely on the Second Circuit's holding in Sealey v. Giltner, 197 F.3d 578, 589-90 (2d Cir. 1999), that an inmate's 101-day confinement in SHU did not constitute an atypical or significant hardship under Sandin. Objs. at 4 Defendants argue that because: (1) Plaintiff's 90-day confinement was shorter than the 101-day confinement in Sealey; and (2) keeplock is less confining than SHU, Plaintiff's confinement cannot constitute an atypical and significant hardship. Id. (citing Sealey, 197 F.3d at 589-90). Defendants argue that even if Plaintiff had been confined to keeplock for up to 305 days,

5

he still could not establish a liberty interest because he neglected to provide details of the conditions of his confinement, as Palmer requires. Id.

Plaintiff asserts that the Report-Recommendation failed to understand that Plaintiff is asserting a Fourteenth Amendment claim based on Defendants' denial of his access to a hearing regarding his 90-day confinement, rather than on the confinement itself. Pl's Objs.

**C. Decision to Adopt the Report-Recommendation**

*1. Defendants' Objections*

Upon a *de novo* review of the record and the Report-Recommendation, the Court concludes that the Report-Recommendation's denial of Defendants' Motion to dismiss Plaintiff's Fourteenth Amendment claim was proper. Defendants contend that, because Sealey held that up to 101 days of SHU confinement under normal conditions is not an atypical and significant hardship, any confinement below that 101-day threshold necessarily fails to implicate a liberty interest. Defs' Objs. at 4. But Sealey did not set any durational floor or deem duration dispositive; rather, the Second Circuit held that "*[b]oth* the conditions [of confinement] and their duration must be considered . . . since especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical." Sealey, 197 F.3d at 586 (internal citation omitted and emphasis added). Nor does Sealey even remotely suggest that, because keeplock is generally less confining than SHU, keeplock confinement of less than 101 days is necessarily insufficiently harsh to implicate a liberty interest. Under Sealey, even if Plaintiff's keeplock stay had been merely a "brief interval" rather than 90 days, it could still implicate a liberty interest if the conditions were sufficiently harsh.

6

Defendants, after making their 101-day-absolute-minimum argument, assert that the Complaint should also be dismissed because Plaintiff must offer evidence of the conditions of his confinement, which he has not done. But Defendants fail to distinguish between the Report-Recommendation's treatment of: (1) the showing Plaintiff must make to *prevail* on his Fourteenth Amendment due process claim; and (2) the showing Plaintiff must make to *avoid dismissal* of that claim. Defendants argue that the Complaint fails to allege the requisite non-durational facts suggesting atypicality. Defs' Objs. at 4. The Report-Recommendation holds likewise. Report-Rec. at 18-19. The Report-Recommendation, however, holds that, in light of Plaintiff's *pro se* status, his failure to allege such facts does not necessitate dismissal. Report-Rec. at 19. The only authority cited by Defendants allegedly pertaining to dismissal involved a motion for summary judgment, *not* a motion to dismiss. See Gee v. Fischer, No. 9-CV-1057, 2011 WL 4965297 (N.D.N.Y. Sept. 30, 2013); Defs' Objs. at 6. It is therefore inapposite. In light of the Second Circuit's command that a *pro se* litigant's complaints "must be construed liberally, and . . . read to raise the strongest arguments that they suggest," Palmer, 364 F.3d at 64-65, the Court adopts the Report-Recommendation so that Plaintiff may further elaborate on the conditions of his keeplock confinement.

## 2. *Plaintiff's Objections*

Plaintiff argues that the Report-Recommendation failed to recognize that his Fourteenth Amendment claim is premised on Defendants' denial of his access to a disciplinary hearing. Pl's Objs. This is incorrect. The Report-Recommendation examines the nature of Plaintiff's confinement not to determine whether the confinement is itself actionable, but rather whether that

7

confinement was sufficiently atypical and significant to implicate a liberty interest entitling Plaintiff to a hearing. See Report-Rec. at 17-19.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 84) is **APPROVED and ADOPTED in its ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 41) to dismiss is **GRANTED** as to Plaintiff's: (1) § 1983 claims against all individual Defendants in their official capacities; and (2) conspiracy claims against all Defendants; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 41) to dismiss is **DENIED** as to: (1) Plaintiff's Fourteenth Amendment due process claims; and (2) Defendants' qualified immunity defense; and it is further

**ORDERED**, that Plaintiff's First Amendment claims based on access to courts and interference with mail are **DISMISSED without prejudice**; and it is further

**ORDERED**, that as to those claims, Plaintiff may file an amended complaint **within twenty days** from the filing date of this Order if he wishes to pursue those claims; and is is further

**ORDERED**, that, if **within twenty days**, such an amended complaint is not filed, those claims shall be dismissed pursuant to this Order without further action of the Court; and it is further

**ORDERED**, that Defendants' request for a protective order is **GRANTED** and discovery in this matter is stayed until the issuance of a scheduling order pursuant to Federal Rule of Civil Procedure 16; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**IT IS SO ORDERED**.

DATED: September 30, 2013
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge