UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GARY GILLARD,

                Plaintiff,

      -against-                        9:12-CV-083 (LEK/CFH)

MICHAEL ROVELLI, *et al.*,

                Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

This *pro se* action under 42 U.S.C. § 1983 comes before the Court following a Report-Recommendation filed on March 31, 2014, by United States Magistrate Judge Christian F. Hummel, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 115 ("Report-Recommendation"). Judge Hummel recommends that Defendants'[1] Motion for judgment on the pleadings be granted as to all claims except for the due process claims against Defendants Lafountain and Zarnetski. Report-Rec. at 26; Dkt. No. 104. Plaintiff Gary Gillard ("Plaintiff") timely filed Objections. Dkt. No. 121 ("Objections"). For the following reasons, the Report-Recommendation is adopted in its entirety.

**II.    STANDARD OF REVIEW**

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however,

---

[1] The Motion to dismiss was filed on behalf of all Defendants except for Defendant Nunez. See Mot. at 1.

an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

### III. DISCUSSION

Plaintiff first argues that the Report-Recommendation "deliberately and wrongfully" cites Plaintiff's words in his Complaint. Objs. ¶¶ 2, 7, 19. The Court has reviewed each claim of an erroneous citation to the Complaint, and finds Plaintiff's argument is without merit.

Second, Plaintiff renews his argument that Defendant Kelly knew of a serious risk to Plaintiff based on the threatening note. Objs. ¶ 3. Plaintiff already raised this argument in his Response to Defendants' Motion. See Dkt. No. 114 ("Response") ¶ 7. Therefore, the Court reviews this portion of the Report-Recommendation for clear error and finds none. See Report-Rec. at 15.

Third, Plaintiff renews his argument that Defendants violated Plaintiff's constitutional rights by informing other prisoners about Plaintiff's crime of conviction and by uttering disparaging remarks toward Plaintiff. See Objs. ¶¶ 4, 7, 14. Again, Plaintiff already raised this argument, see Resp. ¶ 4, and therefore the court reviews this portion of the Report-Recommendation for clear error, and finds none, see Report-Rec. at 15-23.

Next, Plaintiff argues that the Report-Recommendation improperly considered references outside of the Complaint in ruling on the Motion to dismiss. Objs. ¶¶ 8-9. Specifically, Plaintiff

asserts that the Report-Recommendation references "Dkt. No. 114." Id. However, "Dkt. No. 114" refers to Plaintiff's Response to Defendant's Motion to dismiss. See Docket. In ruling on the Motion to dismiss, it was proper for Judge Hummel to consider and reference Plaintiff's arguments in opposition.

Finally, Plaintiff argues that it was improper to dismiss his retaliation claim for lack of showing a causal connection between the grievances he filed and Defendants' adverse actions. Objs. ¶¶ 17, 20; see also Report-Rec. at 24. Plaintiff contends that these matters are properly reserved for discovery. Objs. ¶¶ 17, 20. However, while Plaintiff is not required to prove every element of his claim at the pleading stage, his "[C]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6).

Here, Plaintiff has not provided any facts whatsoever regarding the grievances, e.g., the dates grievances were filed, against whom they were filed, their contents, or whether they even concerned Defendants, that would suggest a retaliatory motive by Defendants. See generally Resp.; Objs. ¶¶ 17, 20. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 663 (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678-79.

Having found Plaintiff's Objections to be without merit, the Court reviews the remainder of the Report-Recommendation for clear error and finds none.

**IV. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 115) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 104) for judgment on the pleadings is **GRANTED** with respect to all claims against all Defendants except for Plaintiff's Fourteenth Amendment Due Process claims against Defendants LaFountain and Zarnetski, consistent with the Report-Recommendation (Dkt. No. 115); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED: August 14, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge